**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANNETTE DAVIS,
               Appellant,

      v.

DEPARTMENT OF THE INTERIOR,
               Agency.

DOCKET NUMBER
AT-0752-09-0860-E-1

DATE: August 15, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Adam J. Conti, Esquire, Atlanta, Georgia, for the appellant.

Isaiah D. Delemar, Esquire, Atlanta, Georgia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The Equal Employment Opportunity Commission (EEOC) has referred this appeal of the appellant's removal to the Board for further consideration pursuant to 5 U.S.C. § 7702(b)(5)(B) because the EEOC's decision on the appellant's affirmative defense of retaliation for protected equal employment opportunity

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

(EEO) activity differs from the Board's decision in this case. For the following reasons, we CONCUR IN and ADOPT the EEOC's decision, and FORWARD the appeal to the regional office for adjudication of the appellant's claim for compensatory damages. The agency's removal action is NOT SUSTAINED.

## BACKGROUND

¶2    The appellant was removed from her Fiscal Officer position, effective July 19, 2009, based on three specifications of failure to comply with proper directives. In effecting the action, the agency considered the appellant's past disciplinary record for failure to comply with proper orders, including a 10-day suspension and a 30-day suspension. On appeal, the appellant challenged the action and alleged that it was based on race (African-American) and sex discrimination and was taken in retaliation for her having filed an EEO complaint. Her request for relief included, inter alia, a claim for compensatory damages. Initial Appeal File, Tab 1 at 3. Following a hearing, the administrative judge issued an initial decision in which he found that the agency had proven all three specifications and therefore the charge of failure to comply with proper directives. Initial Decision (ID) at 5-8. The administrative judge also found that the appellant did not prove her affirmative defense of retaliation for protected EEO activity.[2] ID at 8-12. Specifically he found that, because there had been a hearing and the record was complete, the ultimate question was whether, upon weighing all of the evidence, the appellant met her overall burden of proving illegal retaliation. ID at 8-9. The administrative judge then found that, because the appellant relied upon circumstantial evidence to prove her claim, she was required to provide evidence showing a "convincing mosaic" of retaliation against

---

[2] During adjudication, the administrative judge struck the appellant's discrimination claims on the basis that she had not alleged facts which, if proven, would establish a prima facie case of either claim.

her, but failed to do so. ID at 9-12. Finding the penalty reasonable, the administrative judge affirmed the agency's action. ID at 13.

¶3    On petition for review, the full Board affirmed the administrative judge's findings regarding the three specifications and the charge. *Davis v. Department of the Interior*, 114 M.S.P.R. 527, ¶ 5 (2010). The Board discerned no error in, and affirmed, the administrative judge's finding that the appellant failed to establish her claim of retaliation. The Board found, however, that the administrative judge erred in handling the appellant's affirmative defenses of race and sex discrimination, *id.*, and it remanded the case to allow her to submit evidence and argument concerning those claims and to request a hearing, and for the administrative judge to issue a supplemental initial decision on those claims. *Id.*, ¶ 14. On remand, the administrative judge accepted into the record a copy of a decision by an EEOC administrative judge on the appellant's complaint, finding that the agency had subjected her to a hostile work environment because of her race and sex, and in retaliation for her prior EEO activity, from late September 2006 to the end of 2007.[3] *Davis v. Department of the Interior*, MSPB Docket No. AT-0752-09-0860-B-1, Supplemental Initial Decision (SID) at 2 (July 11, 2011). However, the administrative judge attached little significance to the EEOC administrative judge's findings, reasoning that the removal was unrelated and too far removed from the 2006-2007 matters considered by the EEOC administrative judge. SID at 9-10. The Board's administrative judge found that the appellant failed to prove that the agency's decision to remove her was a pretext for discrimination on the basis of race or sex, SID at 5-11, and that removal remained

---

[3] The agency did not appeal the EEOC administrative judge's decision to the Office of Federal Operations. As part of his award, the EEOC administrative judge ordered the agency to remove the 10-day suspension from the appellant's personnel records. SID at 3 n.1.

a reasonable penalty,[4] SID at 11-12.  The supplemental initial decision became the Board's final decision on August 15, 2011, when neither party filed a petition for review.

¶4      The appellant then filed a petition for review with the EEOC.  *See* 5 U.S.C. § 7702(b)(1); 5 C.F.R. § 1201.157.  She challenged the administrative judge's formulation of the "convincing mosaic" evidentiary standard for establishing retaliation, arguing that it is greater than the "preponderance of the evidence" burden required to prove Title VII claims, and she argued that the EEOC should reject the administrative judge's formulation of the standard.

¶5      In its decision, the EEOC first clarified its view about the role of the "convincing mosaic" in federal sector retaliation cases.  *Davis v. Department of the Interior*, EEOC Petition No. 0320110050 at 11-12 (July 16, 2014).  The EEOC explained that the "convincing mosaic" is "a useful way to describe how several facts may add up to sufficient evidence to discredit an employer's explanation and demonstrate a causal connection between the prior protected activity and the challenged adverse action." *Id.* at 12.  The EEOC stated that it did not intend to promulgate a new standard whereby circumstantial evidence in a retaliation case must have a mosaic-like character, or to require appellants to meet a more demanding evidentiary standard, and that it also did not intend to state a preference for one evidentiary framework over another, but, rather to indicate that, under certain evidentiary scenarios, the "convincing mosaic" can serve as a useful option for establishing the causal connection in retaliation cases.  The EEOC found that the Board's administrative judge erred in insisting that an appellant "must" provide evidence showing a "convincing mosaic" of retaliation in order to prove retaliation using circumstantial evidence.  *Id.*

---

[4] The administrative judge noted that, after the EEOC administrative judge invalidated the 10-day suspension, the agency issued a new penalty determination, but concluded that removal remained appropriate.  SID at 11.

¶6 The EEOC then reviewed the evidentiary record and found that the agency's articulated reason for removing the appellant was not legitimate. *Id.* at 13. The EEOC found that the agency explicitly relied on the supervisor's preceding harassing conduct of the appellant, including past disciplinary actions, to justify removing her, but that at least one past action, a 10-day suspension, was invalidated by an EEOC administrative judge as discriminatory, and that supervisors may not use their past discriminatory actions as a basis for "subjecting their victims to new adverse actions." *Id.* The EEOC then found significant evidence that the appellant's first-line supervisor harassed her beginning in 2006 and 2007 and continuing until the date of her removal. The harassment included evidence that the supervisor belittled the appellant during meetings, told her numerous times to find a new job, refused her requests to be downgraded in position in an effort to escape the harassment, excessively and unjustifiably disciplined her for failing to follow trivial and erratic "directives," and twice tried to use discriminatory disciplinary actions as a means to remove her. *Id.* at 14. Further, the EEOC found no evidence that the supervisor improved her conduct towards the appellant over the years or that the agency undertook any corrective action or other remedial measures to stop the supervisor's harassment of the appellant and ensure that it would not recur. *Id.* For these reasons, the EEOC concluded that the record evidence clearly established a nexus between the supervisor's preceding harassing conduct and her subsequent removal of the appellant. *Id.* at 13-15.

¶7 The EEOC thus differed with the Board's final decision, concluding that it constitutes an incorrect interpretation of the laws, rules, regulations, and policies governing the issue of retaliation for protected activity, and is not supported by the evidence in the record as a whole. *Id.* at 15.

## ANALYSIS

¶8      In *Ignacio v. U.S. Postal Service*, 30 M.S.P.R. 471, 486 (Spec. Pan. 1986), the Special Panel held that the Board is permitted to disagree with the EEOC only as to misinterpretation of civil service law. Thus, the Board may not force Special Panel review of an EEOC decision merely because the Board disagrees on discrimination law unless the EEOC decision depends on civil service law for its support or is so unreasonable that it amounts to a violation of civil service law. *Id.*; *see Parks v. U.S. Postal Service*, 110 M.S.P.R. 64, ¶ 6 (2008), *aff'd as modified by* 113 M.S.P.R. 60 (2010); *Randel v. Department of the Navy*, 72 M.S.P.R. 288, 290 (1996); 5 C.F.R. § 1201.162(a).

¶9      Here, the EEOC decision rests upon an interpretation of discrimination law, specifically, a clarification of the law pertaining to retaliation for protected EEO activity and the application of that law to the facts of this case. Further, the EEOC decision is not so unreasonable that it amounts to a violation of civil service law. Thus, under *Ignacio*, the Board lacks the authority to disagree with the EEOC's decision. We therefore CONCUR IN and ADOPT the decision finding that the agency retaliated against the appellant based on her prior EEO activity.

## ORDER

¶10      Accordingly, we FORWARD this appeal to the regional office for adjudication of the appellant's claim for compensatory damages. The administrative judge shall permit the appellant to present evidence and argument in support of her claim and shall issue a decision resolving the claims. *See Edwards v. Department of Transportation*, 112 M.S.P.R. 82, ¶ 21 (2009).

¶11      We ORDER the agency to carry out the EEOC's decision by canceling the appellant's removal and restoring her, effective July 18, 2009. *See Kerr v. National Endowment for the Arts,* 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶12  We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. *See, e.g.*, 42 U.S.C. § 2000e-5(g)(1); *Edwards*, 112 M.S.P.R. 82, ¶ 17. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶13  We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶14  No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶15  For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

¶16　　　This is the final decision of the Merit Systems Protection Board concurring in and adopting the EEOC's decision. Title 5 of the United States Code, section 7703(a)(1) (5 U.S.C. § 7703(a)(1)). It is not a final decision on the issue of the appellant's entitlement to compensatory damages because that issue has been forwarded to the regional office for adjudication.

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## COMPENSATORY DAMAGES

You may be entitled to be paid by the agency for your compensatory damages, including pecuniary losses, future pecuniary losses, and nonpecuniary losses, such as emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life. To be paid, you must meet the requirements set out at 42 U.S.C. § 1981a. The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.204. If you believe you meet these requirements, you must file a motion for compensatory damages WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion with the office that issued the initial decision in your appeal.

## NOTICE TO THE APPELLANT REGARDING
## YOUR RIGHT TO REQUEST
## ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order

before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                              William D. Spencer
                                              Clerk of the Board

Washington, D.C.

|  | **DFAS CHECKLIST**<br><br>**INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |
|---|---|

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a.  Employee name and social security number.
   b.  Detailed explanation of request.
   c.  Valid agency accounting.
   d.  Authorized signature (Table 63)
   e.  If interest is to be included.
   f.  Check mailing address.
   g.  Indicate if case is prior to conversion.  Computations must be attached.
   h.  Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1.  Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2.  Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3.  Outside earnings documentation statement from agency.

4.  If employee received retirement annuity or unemployment, provide amount and address to return monies.

5.  Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6.  If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7.  If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a.  Must provide same data as in 2, a-g above.
   b.  Prior to conversion computation must be provided.
   c.  Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.